# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RALPH M. MALONE,
                Appellant,

       v.

OFFICE OF PERSONNEL
    MANAGEMENT,
                Agency.

DOCKET NUMBER
SF-0831-94-0834-I-1

DATE: May 27, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Ralph M. Malone</u>, San Tan Valley, Arizona, pro se.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his retirement appeal as settled. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2      Having previously worked for the U.S. Postal Service, the appellant was granted disability retirement, effective July 1978. *See* Initial Appeal File (IAF), Tab 3 at 4. He was later reemployed as an annuitant for the Department of Treasury, Internal Revenue Service, between August 1981, and October 1984, while still receiving his disability annuity. *Id*. Years later, the appellant invoked the Office of Personnel Management's (OPM's) administrative process, disputing the deductions for, and characterization of, his annuitant service. *See id*. at 4-5. As a result, in 1994, OPM issued a reconsideration decision, explaining the pertinent law and how it applied to his annuity. *Id*. at 4-7. The reconsideration decision indicated that his original retirement record had been amended to address some administrative errors but that the corrections did not result in any changes to his annuity computation. *Id*. at 6-7.

¶3      The appellant appealed OPM's reconsideration decision to the Board in September 1994. IAF, Tab 1. Shortly thereafter, the parties reached a settlement. IAF, Tab 7. The settlement agreement provided that the appellant would withdraw his appeal and OPM would credit him for all of his federal service, including his reemployment from 1981-1984, if he were to recover from his disability, become reemployed by the federal government, and attain a new retirement right. *Id.* at 1. The administrative judge incorporated the settlement agreement into the record for enforcement purposes and dismissed the appeal. IAF, Tab 8, Initial Decision (ID).

¶4      More than 20 years after the dismissal of his appeal as settled, the appellant has filed a petition for review.[2] Petition for Review (PFR) File, Tab 1. The agency has not filed a response.

---

[2] Initially, the appellant filed a new Board appeal concerning a 2014 OPM reconsideration decision. *See Malone v. Office of Personnel Management*, MSPB Docket No. DE-0831-15-0093-I-1, Initial Decision at 1 (January 6, 2015). In part, the

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶5     The appellant seems to argue that his official retirement record contains a personnel record from 1986, that was previously concealed from him. PFR File, Tab 1 at 2. Because of that purported concealment, the appellant alleges that OPM prevented him from making an informed decision when he entered into the 1994 settlement agreement. *See id*. at 3-7. Accordingly, the appellant asserts that the 1994 settlement agreement should be deemed invalid due to fraud. *See id*. at 7.

¶6     An attack on the validity of a settlement agreement must be made in the form of a petition for review of the initial decision dismissing the case as settled. *Hazelton v. Department of Veterans Affairs*, 112 M.S.P.R. 357, ¶ 8 (2009). To be timely, a petition for review must generally be filed within 35 days of the issuance of an initial decision. 5 C.F.R. § 1201.114(e).

¶7     The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. 5 C.F.R. §§ 1201.114(f), (g). To establish good cause, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). The Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or

---

appellant's arguments in that appeal relied upon his assertion that the 1994 settlement agreement was invalid. *See id*. The administrative judge dismissed the appeal, without prejudice, for the appellant to file the petition for review currently before us. *Id*. at 2-3. The administrative judge instructed the appellant that he could refile the appeal in MSPB Docket No. DE-0831-15-0093-I-1 (0093 appeal) concerning the 2014 OPM reconsideration decision after we issue the instant decision concerning the validity of his 1994 settlement agreement. *Id*. at 3.

misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶8     Applying the aforementioned factors, we find that the appellant has failed to establish good cause for his untimely petition. Although the appellant is proceeding pro se, his filing delay of more than 20 years is substantial and he failed to present any substantive argument[3] regarding this untimeliness. *Compare* ID at 2 (setting a November 30, 1994 deadline for filing a petition), *with* PFR File, Tab 1 (the appellant's petition, received on February 9, 2015); *see, e.g.*, *Balagtas v. Office of Personnel Management*, 100 M.S.P.R. 187, ¶ 15 (2005) (finding a 15-year delay substantial, and finding that the appellant did not establish good cause where he provided no explanation for his untimeliness, despite his pro se status); *Lobell v. Department of Agriculture*, 98 M.S.P.R. 582, ¶ 5 (2005) (finding a 2-year delay to be substantial, and finding that the appellant's attempts to obtain new record evidence did not establish good cause, despite her pro se status).

¶9     Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the dismissal of the appellant's retirement appeal as settled.

---

[3] After the Clerk of the Board advised the appellant that the petition appeared untimely filed, PFR File, Tab 2, the appellant simply noted that he filed within 35 days of the dismissal of his 0093 appeal, PFR File, Tab 3 at 1. However, the appellant also acknowledged that his petition was intended to address the decision issued in 1994, not the more recent dismissal of the 0093 appeal. *Id*. Accordingly, the dismissal of the 0093 appeal is not dispositive as to the timeliness of his petition for review of the 1994 decision accepting the settlement agreement into the record for enforcement.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:               _____

                                           William D. Spencer
                                           Clerk of the Board

Washington, D.C.